UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:15-cv-07263-SVW-AGR | Date | November 4, 2015 |
| Title | John Doe v. Yale University et al | | |

## JS-6

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER [7]

On April 24, 2015, plaintiff "John Doe" ("Doe" or "Plaintiff") filed a state court complaint against Yale University ("Yale" or "Defendant"). Dkt. 1-1. On September 16, 2015, Defendant removed the case to this Court. Dkt. 1.

Plaintiff seeks damages and equitable relief for (1) violation of Title IX, (2) violation of Title VI, (3) breach of contract, (4) promissory estoppel, and (5) negligence. Dkt. 1-1. According to the Complaint, in 2012 Plaintiff (then a student at Yale University) was placed on "administrative suspension" and ultimately expelled based on the recommendation of the University Wide Committee on Sexual Misconduct. *See id.* Plaintiff intends to prove that Defendant discriminated against him through its investigation and hearing process because he is a Native American male. *Id.*

On September 17, 2015, Defendant filed a motion to transfer venue to the District of Connecticut, pursuant to 28 U.S.C. § 1404(a). Dkt. 7.

For the reasons stated below, the Court grants Defendant's motion to transfer and orders the case transferred to the District of Connecticut.

**Legal Standard**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-07263-SVW-AGR | Date | November 4, 2015 |
|---|---|---|---|
| Title | *John Doe v. Yale University et al* | | |

any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). District courts are given broad discretion to weigh the factors for and against transfer. *Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007).

"The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). In making the determination of whether transfer of venue is appropriate in any particular case, a district court may consider many factors. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). Generally, after it is determined that venue is proper in both districts, courts consider:

> (1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

*Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009).

**Application**

After considering the submissions from the parties and the representations of counsel at the hearing, the Court concludes that the case should be transferred to the District of Connecticut. Though the Plaintiff's choice of forum is given considerable weight, a number of other factors suggest that convenience and justice would be better served by transferring the case.

While the Plaintiff resides in California, he is currently a student in New York and will not graduate until December of next year. Thus, it does not appear that travel to Connecticut would be of significant inconvenience to him personally. Plaintiff has filed a defamation case in Connecticut and has already been able to retain counsel in Connecticut.[1] Nine of the fourteen witnesses named in Plaintiff's complaint reside in Connecticut. This includes the former Connecticut Superior Court Judge retained by Yale as a fact finder and the accuser, both of whom are not within the control of the Defendant or within

---

[1] While Plaintiff's retained counsel is a California lawyer, there is no reason to believe that Plaintiff counsel in Connecticut, as he has already done so.

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-07263-SVW-AGR | Date | November 4, 2015 |
|---|---|---|---|
| Title | *John Doe v. Yale University et al* | | |

the power of this Court to compel. If this Court retained the case it might not be able to hear evidence from these witnesses, or would cause them inconvenience.

Retaining the case would also cause significant inconvenience to the Defendant. If this Court retained the case all witnesses still employed by Yale might be asked to fly to California, disrupting Yale's operations.

Furthermore, the access to evidence, familiarity with applicable Connecticut law, and local interest in the controversy all weigh in favor of the transfer. A Connecticut court will be better situated to adjudicate a case raising three claims under Connecticut law, where witnesses and evidence are located in the state, and the events in question took place in the state.

Taken together, these factors strongly support transfer and the remaining factors are relatively neutral. Accordingly, the Court finds that transfer is appropriate.

**Conclusion**

Thus, the Court grants Defendant's motion to transfer and orders the case transferred to the District of Connecticut.

SO ORDERED.

Initials of Preparer     PMC